UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN O'MARA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:16-CV-472 (CEJ) |
| ) | |
| TRIO PLUMBING CO., ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to compel an accounting following entry of default against defendant Trio Plumbing Co. Defendant was served with a summons and a copy of the complaint on April 12, 2016, and has not filed an answer or otherwise appeared in this matter. On May 17, 2016, the Clerk of Court entered default against defendant.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are the Plumbers and Pipefitters Local 562 (the Union) and the trustees of three employee benefit plans (the Welfare Educational, Pension, and Local 562 Supplemental Pension Pan and Trust, collectively, the Funds). According to the complaint, defendant is party to a collective bargaining agreement with the Union, and is bound by various trust agreements relating to the Funds. Under the terms of the collective bargaining agreement, defendant is obligated to make contributions to the Funds, file monthly

contribution reports, and remit dues payments. Plaintiffs allege that defendant has failed to submit reports and make contributions to the Funds. Plaintiffs now move for an order to compel an accounting for the period from October 1, 2010 to date.

Plaintiffs submit the affidavit of Mark Collom, the Executive Director of the funds. [Doc. #6-3]. Mr. Collom states that the Plumbing Industry Council entered into collective bargaining agreements on behalf of employers, including defendant, for the periods of 2010 through 2015, and 2015 through 2020. Pl. Exs. 1 and 2 [Docs. #6-4 and #6-5] and Pl. Exs. 3 and 4 [Docs. #6-6 and #6-7]. The collective bargaining agreements require Trio Plumbing Co. to pay fringe benefit contributions, submit monthly reports showing hours worked by covered employees, and pay liquidated damages and interest on delinquent contributions. The agreements authorize the Funds to audit the employer's records.

Rule 55(b)(2)(A) of the Federal Rules of Civil Procedure allows a court to enter an order compelling an accounting when necessary to enter or effectuate a judgment. In the present case, the plaintiffs cannot determine the full amount of unpaid contributions and liquidated damages that are owed to them without conducting an audit of the defendant's books and records for the period from October 1, 2010 through the present. The information obtained through the audit is necessary to enable the Court to enter judgment in the correct amount and, therefore, the plaintiffs' motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a default order to compel an accounting [Doc. #6] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **June 17, 2016**, defendant Trio Plumbing Co., shall produce for inspection by plaintiffs all books, ledgers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to employees of Trio Plumbing Co., for the period beginning October 1, 2010, through present.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant, Trio Plumbing Co., at the following address:

> Trio Plumbing Co.
> 2138 Huntersway Court
> Chesterfield, MO 63017

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of May, 2016.