UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN O'MARA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:16-CV-472 (CEJ) |
| ) | |
| TRIO PLUMBING CO., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment against defendant Trio Plumbing Co., pursuant to Fed.R.Civ.P. 55(b)(2).

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are the Plumbers and Pipefitters Local 562 (the Union) and the trustees of three employee benefit plans (the Welfare Educational, Pension, and Local 562 Supplemental Pension Plan and Trust, collectively, the Funds). Defendant is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA. Defendant is party to a collective bargaining agreement with the Union, and is bound by various trust agreements relating to the Funds. Plaintiffs allege that defendant failed to make timely contributions to the Funds as required by the terms of collective bargaining agreements. Plaintiffs seek a total of $4,199.29 for unpaid contributions, liquidated damages, and interest plus attorneys' fees and costs.

The summons and a copy of the complaint were served on defendant on April 12, 2016. Defendant did not file an answer or other responsive pleading and, on May 17, 2016, the Clerk of Court entered default against defendant.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

In 2010 and 2015, the Plumbing Industry Council executed collective bargaining agreements on behalf of its members, including defendant. See Doc. #10-4 (2010 collective bargaining agreement); Doc. #10-5 (2015 collective bargaining agreement); Doc. #10-6 (list of 2015 PIC CBU members) and Doc. # 10-7 (list of 2010 PIC CBU members). The collective bargaining agreements require defendant to make contributions to the funds for each hour worked by employees covered by the agreement. Articles 15 and 16. Failure to make timely contributions subjects defendant to liquidated damages equal to 20% of the unpaid contribution, interest at the rate of 7%, accounting costs, court costs, and attorneys' fees.

The accounting firm of RSM US LLP conducted a payroll examination of defendant for the period of April 1, 2013 through April 30, 2016. John Massa Aff. [Doc. #10-9]; Payroll report [Doc. #10-10]. Based on that examination, it was determined that defendant owes $3,331.81 in unpaid contributions, $666.36 in liquidated damages, and $201.12 in union dues. The cost for completing the payroll examination was $448.00.

The Court finds that defendant Trio Plumbing Co. was bound at all relevant times by valid collective bargaining agreements and that it breached its obligations by failing to timely pay the required contributions, for a total of $4,199.29.

Plaintiffs also submit the affidavit of attorney Michael A. Evans. [Doc. #10-11]. Mr. Evans attests that his firm's standard hourly billing rate for his services is $215.00, and that he expended 5.3 hours on this matter, for a total of $1,139.50 for attorneys' fees. The Court finds that the hourly rates and hours expended are reasonable. In addition, the firm paid $406.73 for court costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #10] is **granted**.

A separate judgment in accordance with this Memorandum and Order shall be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October, 2016.